## JOHN BURROWS *vs.* JAMES DUMPHY.

The remedy under section 20 of the attachment law, though given in terms to the inhabitants of this government, extends to citizens of other states.

*Quere.* Whether the order for further security provided by that section is not unconstitutional.

CAPIAS case.

The defendant was arrested on the affidavit of plaintiff, that he was indebted to him in a sum exceeding forty shillings, the day of payment of which was not then come, and that the deponent verily believed upon good grounds, that the debtor was about to depart this government, and to remove his effects, and hath refused to give better security for the payment of the money when due.

The application was for an order on the defendant to give better security, under section 20 of the attachment law. *Digest,* 51.

Rule hearing on the motion for better security; and rule also, on motion of the defendant's counsel, to show cause why the writ should not be quashed.

Plaintiff exhibited his cause of action, which was two notes of hand, each for $200, dated 5th August, 1837, at ninety days, and six months.

He also testified (being sworn by direction of the court, as to which see section 20 of the act,) that defendant had refused to give better security; and that he had been told by defendant's partner, that defendant was about to remove to the south, having got a situation there.

*Per Curiam.*—This act gives a great stretch of power to the court, and we must take care that we do not carry it so far as to violate the constitution of the United States by extending the obligation of these contracts. One of these notes is now due, and the plaintiff may sue upon it and hold the defendant to bail; as to the other, the court might perhaps safely go so far as to direct the party to give security to appear here and answer to a suit on it; but as to ordering him to give better security for the *payment of the money,* we have our doubts, though the act is so.

It was suggested that the plaintiff was a resident of Pennsylvania, and this remedy under the act is given only "to the inhabitants of this government."

Sed non allocatur. The remedy under this section has always been held to extend to all citizens of the United States; and it is a question whether a contrary construction would not make the act a violation of the constitution of the United States.

James Dumphy, the defendant, was now sworn, and the court finally quashed the writ.

So the plaintiff took nothing by his motion.

*W. H. Rogers*, for plaintiff.

*Rodney*, for defendant.